UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODOLFO ORTEGA, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-17-2811 |
| LIEUTENANT LEKISHA HUNTER, | § | |
| Defendant. | § | |

# **MEMORANDUM AND ORDER**

The plaintiff, Rodolfo Ortega (TDCJ #1522268), filed a prisoner civil rights complaint under 42 U.S.C. § 1983, concerning the conditions of his confinement in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") [Doc. # 1]. After reviewing a more definite statement provided by Ortega [Doc. # 18], the Court dismissed all of his claims except for his allegation that Lieutenant Lekisha Hunter retaliated against him in violation of his constitutional rights [Doc. # 19]. Lieutenant Hunter has now filed a motion for summary judgment [Doc. # 34], arguing that Ortega's claims against her fail as a matter of law. Ortega has not filed a response and his time to do so has expired. After considering all of the pleadings and the applicable law, the Court will grant Lieutenant Hunter's motion for summary judgment and dismiss this case for reasons set forth below.

## I. BACKGROUND

On July 27, 2017, Ortega was incarcerated by TDCJ at the Carol Vance Unit when he submitted a grievance about conditions at the facility [Doc. # 1, at 7]. On August 3, 2017, Senior Warden Troy Simpson conducted a walk-through of Ortega's dorm and allegedly warned Ortega to stop filing grievances. *Id*. Shortly thereafter, Ortega claims that Lieutenant Hunter and two other officials harassed him by asking him multiple questions. *Id*. On August 6, 2017, Ortega filed a grievance, alleging that he had been harassed in retaliation for filing grievances. *Id*.

After complaining about the retaliation, Ortega contends that he was charged with prison disciplinary violations for refusing to work and disobeying an order. *Id*. After the disciplinary charges were filed, Ortega was transferred from the Carol Vance Unit to the Jester III Unit and placed in pre-hearing detention on August 21, 2017. *Id*. Ortega claims that he was denied access to his personal property, including personal hygiene item, religious materials, and legal books until September 8, 2017. *Id*. at 7-8. Ortega blames Lieutenant Hunter for the deprivation of his personal property during this time and claims that it was in retaliation for filing grievances. *Id*. at 8. He requests nominal and unspecified punitive damages.[1] *Id*.

---

[1] Lieutenant Hunter argues that Ortega's claims for monetary damages must be dismissed because he does not demonstrate that a physical injury occurred as required to recover

Lieutenant Hunter has filed a motion for summary judgment, arguing that she is entitled to official immunity from any claim for monetary damages against her in her official capacity as a state employee. [Doc. # 34, at 4]. Lieutenant Hunter argues further that she is entitled to qualified immunity from claims against her in her individual or personal capacity because Ortega does not show that she retaliated against him or that she violated his constitutional rights. *Id*. at 8-12.

II. **STANDARD OF REVIEW**

The defendant's motion is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides that a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id*.

---

under 42 U.S.C. § 1997e(e), which precludes recovery of compensatory damages for mental or emotional harm in the absence of physical injury [Doc. # 34, at 5]. Because § 1997e(e) does not prohibit claims for nominal or punitive damages, the Court does not address this argument further. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (holding that while § 1997e(e) does bar a prisoner from recovering compensatory damages absent a showing of physical injury, it does not apply to prisoners seeking nominal or punitive damages).

If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing the existence of a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A reviewing court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment[.]" *Smith v. Regional Trans. Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). However, a non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

## III. DISCUSSION

### A. Official Immunity

Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his own state, including a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002). The Eleventh Amendment bars a suit for money damages against TDCJ, as a state

agency, under 42 U.S.C. § 1983. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The Eleventh Amendment also bars a suit for money damages against TDCJ employees in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). To the extent that Ortega sues Lieutenant Hunter for actions taken during the course of her employment with TDCJ, the claims against her in her official capacity as a state employee are barred by the Eleventh Amendment. Accordingly, the motion for summary judgment on this issue will be granted.

### B. Qualified Immunity

Public officials acting within the scope of their authority generally are shielded from liability for monetary damages by the doctrine of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow*, 457 U.S. at 818). "Qualified immunity is a complete defense, and [a defendant is] entitled to summary judgment on the basis of qualified immunity unless [the plaintiff] can show triable issues as to whether [the defendant] violated a clearly established right of which a reasonable officer would have been aware." *Brewer v. Hayne*, 860 F.3d 819, 824 (5th Cir. 2017)

(citing *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry. "The first asks whether the facts, '[t]aken in the light most favorable to the party asserting the injury . . . show the officer's conduct violated a [federal] right.'" *Brewer*, 860 F.3d at 823 (quoting *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014)). "The second prong of the qualified-immunity analysis asks whether the right in question was 'clearly established' at the time of the violation." *Id*. As discussed below, Ortega does not overcome Lieutenant Hunter's entitlement to qualified immunity because he does not demonstrate that she violated his constitutional rights by engaging in improper retaliation.

### C. Retaliation

To prevail on a retaliation claim an inmate must establish (1) a specific constitutional right; (2) the defendant's intent to retaliate against the inmate for his exercise of that right; (3) a retaliatory adverse act; and (4) causation. *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998); *see also Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). The Fifth Circuit regards claims of retaliation by prisoners with skepticism. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). An inmate must allege more than his personal belief that he is the victim of retaliation. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). Conclusionary allegations of

retaliation are not sufficient to establish a claim. *See id*.

Lieutenant Hunter argues that she was not involved in the prison disciplinary proceedings lodged against Ortega that resulted in his placement in pre-hearing detention or the deprivation of personal property that occurred at the Jester III Unit [Doc. # 34, at 7, 11]. In support, Lieutenant Hunter has provided records of the disciplinary charges, which confirm that she was not involved in those proceedings.

The record shows that disciplinary charges were filed against Ortega at the Carol Vance Unit on August 23, 2017, in Case No. 20170378581, for failure to obey an order [Doc. # 34-1, at 16]. The charges were filed by Officer Okunde, who stated in his Offence Report that he ordered Ortega to wait in the dayroom, but that Ortega failed to obey [Doc. # 34-1, at 17]. At a disciplinary hearing held at the Jester III Unit on September 6, 2017, the hearing officer concluded that Ortega was guilty as charged and imposed the following punishment: loss of commissary privileges; loss of contact visitation privileges for through October 1, 2017; and a reduction in classification status from S3 to S4 [Doc. # 34-1, at 16].

According to Ortega, his personal property was returned to him on September 8, 2017, and he was released from prehearing detention on September 15, 2017, to return to the Carol Vance Unit [Doc. # 1, at 8]. After Ortega returned to the Carol Vance Unit, he was charged with another disciplinary violation for failing to turn out for work on October 10, 2017, in Case No. 20180038617 [Doc. # 34-1, at 24].

Those charges were filed by Officer Dorsey, who stated in his Offence Report that Ortega failed to obey an order to report for work without a legitimate reason [Doc. # 34-1, at 25]. The disciplinary hearing officer found Ortega guilty as charged and imposed the following punishment: loss of commissary and recreational privileges for 45 days; loss of contact visitation privileges through November 20, 2017, and a reduction in classification status from S4 to L1 [Doc. # 34-1, at 24].

Ortega does not demonstrate Lieutenant Hunter had any personal involvement with the disciplinary charges filed against him in either Case No. 20170378581 or 20180038617. Likewise, Ortega does not show that Lieutenant Hunter caused the temporary deprivation of personal property that occurred at the Jester III Unit, while he was in prehearing detention for Case No. 20170378581. Ortega's bare allegation that the disciplinary charges were filed as the result of retaliation are not sufficient to rebut a properly supported motion for summary judgment. *See McDonald*, 132 F.3d at 231; *see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) ("Mere conclusionary [sic] allegations of retaliation will not withstand a summary judgment challenge.").

Ortega, who has not filed a response to the motion for summary judgment filed by Lieutenant Hunter, fails to raise a genuine issue of material fact on whether he was subjected to disciplinary charges and deprived of his personal property as the result of improper retaliation. Because Ortega does not establish that he was

retaliated against in violation of his constitutional rights, his allegations are not sufficient to overcome Lieutenant Hunter's assertion of qualified immunity. Accordingly, Lieutenant Hunter is entitled to summary judgment on this issue.

## IV. **CONCLUSION AND ORDER**

Accordingly, the Court **ORDERS** as follows:

1. The Motion for Summary Judgment filed by Lieutenant Lekisha Hunter [Doc. # 34] is **GRANTED**.

2. This civil action is **DISMISSED** with prejudice.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas on May 20, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE